UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| KEITH LEE WRIGHT, | * | CIV 14-3014-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | SCREENING AND |
| | * | DISMISSING COMPLAINT |
| RANDOLPH "RANDY" J. SEILER, | * | |
| | * | |
| Defendant. | * | |

**I. Facts**

Plaintiff Keith Lee Wright (Wright) filed a pro se action entitled "Third Party Complaint" against Defendant Randolph "Randy" J. Seiler (Seiler). Wright is in the custody of the United States Bureau of Prisons serving a life prison sentence. U.S. v. Wright, CR 06-30026, Docs. 86, 94. Seiler was the Assistant United States Attorney who handled the prosecution of Wright. The gravamen of Wright's claims in his Complaint are that Seiler committed "a Treaty Violation and Illegal Incarceration, Breach of Fiduciary Duty [and] Fraud" in connection with Wright's conviction. Doc. 1. Wright seeks $6.5 million in damages from Seiler. Doc. 1.

Wright was convicted and sentenced in CR 06-30026. The Court takes judicial notice of the filings in that case. Such matters may be judicially noticed because they are "generally known" within this Court's jurisdiction and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

In United States v. Wright, CR 06-30026, Wright was charged in an indictment and superseding indictment with violations of 18 U.S.C. §§ 1153, 2241(c), and 2246(2). United States v. Wright, CR 06-30026, at Doc. 43. Seiler was the Assistant United States Attorney who prosecuted the case. The Honorable Karen E. Schreier conducted a jury trial, resulting in a guilty verdict on seven counts of aggravated sexual abuse of a child. Id. at Doc. 86. In early June of

2007, Judge Schreier sentenced Wright to a term of life on each of the counts, to run concurrently. Id. at Doc. 94. Wright filed two notices of appeals to the United States Court of Appeals for the Eighth Circuit. Id. at Docs. 96, 107.

On appeal, the United States Court of Appeals for the Eighth Circuit considered various claims that Wright made and affirmed the conviction and sentence. Id. at Docs. 110, 112. Among Wright's claims on appeal were assertions that the Government failed to comply with the Jencks Act, which claim the Eighth Circuit rejected. Id. at Docs. 110, 112. Wright petitioned the Eighth Circuit for rehearing en banc, which petition was denied. Id. at Doc. 114. Wright petitioned the Supreme Court of the United States for writ of certiorari, which the Supreme Court denied. Id. at Docs. 119, 123.

Wright in 2009 then filed a post-conviction challenge in the district court to his conviction. Id. at Doc. 122. That claim included a challenge to federal criminal jurisdiction over him and claims of prosecutorial misconduct and misrepresentation. Id. at Doc. 122. Judge Schreier notified Wright that she would characterize the pleading as a claim for relief under 28 U.S.C. § 2255. Id. at Doc. 124. Judge Schreier notified Wright of the ramifications that this characterization of the pleading would have on subsequent pleadings, and directed Wright to withdraw or amend his motion to include all possible claims under § 2255. Id. Wright did not amend or withdraw his motion.

Wright's § 2255 case proceeded as CIV 09-3017. This Court takes judicial notice of the filings in that case as well under Rule 201 of the Federal Rules of Evidence. Judge Schreier assigned the § 2255 case to United States Magistrate Judge Veronica L. Duffy for a report and recommendation. Magistrate Judge Duffy issued her initial Report and Recommendation in October of 2009. Wright v. United States, CIV 09-3017, Doc. 3. The Report and

2

Recommendation included an analysis of why Wright's claim that there was a lack of federal criminal jurisdiction over him failed and why claims of prosecutorial misconduct and misrepresentation likewise failed. The Report and Recommendation recommended denial of Wright's § 2255 claim. Id. Wright filed a number of objections to that Report and Recommendation, prompting Magistrate Judge Duffy to complete another Report and Recommendation in April of 2010. Doc. 26. Id. Judge Schreier adopted the Report and Recommendation, dismissed Wright's § 2255 case, and refused to issue a certificate of appealability. Id. at Doc. 27.

Wright, in 2011, then sued Judge Schreier, Magistrate Judge Duffy, the United States Attorney for the District of South Dakota, and many others in an action challenging federal criminal jurisdiction over him and invoking the bad men clause of the Treaty of Fort Laramie of 1868. Wright v. United States, Civ. 11-3032, Doc. 1. Wright named as Defendants the four federal judges who were involved in his previous cases, the current United States Attorney for the District of South Dakota, and an assistant United States Attorney who was involved in his prior cases, as well as a special agent of the Federal Bureau of Investigation and the United States Marshal Service. Id. at Doc. 1. Because Wright sued Judge Schreier and other judges, the undersigned was assigned to the case. Through an Opinion and Order, this Court dismissed Wright's complaint as a successive § 2255 habeas claim. Id. at Doc. 6. This Court also discussed why many of Wright's claims were barred by judicial and prosecutorial immunity, and why Wright's argument about not being subject to federal jurisdiction was mistaken. Id. at Doc. 6.

## II. Discussion

This Court is obliged to "screen" prisoner complaints that seek redress from governmental entities or employees. 28 U.S.C. § 1915A. This Court is required to dismiss claims that are

3

frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); see also Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Although Wright's Complaint is styled as a "Third Party Complaint" and seeks $6.5 million from prosecutor Seiler, Wright's claims arise out of his conviction and advance theories for relief from the conviction similar to Wright's previous claims. Wright's claims are collateral attacks on the conviction through suing the prosecutor for money damages for obtaining a conviction, and either a direct appeal or § 2255 case is the proper avenue for Wright to present such a claim.

When Wright previously filed a post-conviction challenge to federal jurisdiction over him, Judge Schreier recharacterized the pleading as one for habeas relief under 28 U.S.C. § 2255, advised Wright of the restrictions on subsequent habeas petitions under 28 U.S.C. § 2255(h), and permitted Wright to withdraw or amend to include all claims possible under § 2255. United States v. Wright, CR 06-30026, Doc. 124. Wright did not withdraw his motion or amend his claims, and proceeded with claims including that there was no federal criminal jurisdiction over him and prosecutorial misconduct. Wright's § 2255 petition for relief was denied. Wright v. United States, CIV 09-3017, Doc. 27. Wright's subsequent case likewise was in the nature of a § 2255 case and again contained a claim that he was not subject to federal criminal jurisdiction. See Wright v. United States, Civ. 11-3032, Doc. 6 at 7.

Under 28 U.S.C. § 2255(h), a second or a successive petition must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense;" or "a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See also Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Wright has not met this § 2255(h) requirement, so his petition is subject to dismissal on this basis alone.

Although this Court does not need to reach the merits of Wright's claims, this Court has had cause, on a number of previous occasions, to address Wright's misapprehension that as a Native American Indian he is outside of federal criminal jurisdiction by treaty. Wright does not specify in this lawsuit what treaty rights he believes Seiler violated in prosecuting him, but his previous argument appeared to be based on a misinterpretation of the "bad men" clause of the Fort Laramie Treaty. The "bad men" clause provides that:

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . . .

Art. I, paragraph 3, Treaty of Ft. Laramie of 1868. The "bad men" clause does not exempt Native American Indians from being held responsible for violation of federal law. Congress, in passing the Major Crimes Act, "intended full implementation of federal criminal jurisdiction in those situations to which the Major Crimes Act extended." United States v. Jacobs, 638 F.3d 567, 569 (8th Cir. 2011) (quoting United States v. Kane, 537 F.2d 310, 311 (8th Cir. 1976) (per curiam)). Wright's assertion of "a Treaty Violation and Illegal Incarceration, Breach of Fiduciary Duty [and] Fraud" against Seiler is contrary to jurisdiction over Wright under the Major Crimes Act. While Native Americans have good reason in a historical sense to question how the United States chose to honor or dishonor the Fort Laramie Treaty of 1868, the "bad men" clause and the treaty

itself does not render Wright immune from prosecution for violation of federal criminal law. The federal court had subject matter jurisdiction over Wright due to the fact that his crime occurred in Indian Country and Wright is a Native American. 18 U.S.C. § 1153(a); United States v. Jones, 440 F. 3d 927, 929 (8th Cir. 2006) (per curiam). The Treaty of Fort Laramie of 1868 does not deprive the federal court of subject matter jurisdiction.

Seiler, as the federal prosecutor, likewise, is immune from suit under the circumstances of this case. The Supreme Court of the United States held in Imbler v. Pachtman, 424 U.S. 409 (1976) that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). Conversely, a prosecutor is entitled only to qualified immunity when he pursues actions in an "investigatory" or "administrative" capacity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). In determining whether the actions of the prosecutor fit within the absolute or qualified immunity standard, the Supreme Court has adopted a functional approach that looks to "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988).

There is nothing in Wright's allegations relating to Seiler acting in an investigatory or administrative capacity. Rather, Wright sues Seiler for "a Treaty Violation and Illegal Incarceration, Breach of Fiduciary Duty [and] Fraud" related to Seiler's initiation and handling of the prosecution that resulted in Wright's actual conviction. Doc. 1.

**III. Conclusion**

Therefore, it is hereby

ORDERED that Wright's Third-Party Complaint is dismissed on its merits and with prejudice as a successive § 2255 petition filed without an order from the court of appeals so allowing and further that the record of proceedings demonstrates that Wright plainly is not entitled to relief. It is further

ORDERED that all claims against Defendant Seiler are dismissed and that Judgment of Dismissal hereby enters. It is finally

ORDERED that no certificate of appealability issue.

Dated October 20, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE